UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MOONSHADOW MOBILE, INC., *an Oregon corporation*, | Case No. 6:23-cv-01716-MTK |
| Petitioner/Cross-Respondent, | **OPINION AND ORDER** |
| v. | |
| LABELS & LISTS, INC., *a Washington corporation*, | |
| Respondent/Cross-Petitioner. | |

**KASUBHAI,** United States District Judge:

This case arises out of an arbitration panel hearing to resolve a contract dispute. The arbitration panel granted Petitioner, Moonshadow Mobile, Inc. ("Moonshadow"), an award which it petitioned to confirm and Respondent, Labels & Lists, Inc. ("L2"), moved to vacate. The Court found that the arbitration panel's decisions rendered the arbitration proceedings fundamentally unfair and vacated the arbitration award. Before the Court is L2's Motion for Attorney Fees. L2's Mot., ECF No. 70. For the reasons below, L2's Motion for Attorney Fees is GRANTED.

## BACKGROUND

In June 2022, Moonshadow and L2 began arbitration proceedings arising out of a contract dispute. On October 25, 2023, the arbitration panel issued an award for Moonshadow. The arbitration award included approximately $3,600,000 in damages, $322,000 in interest, and

Page 1 — OPINION AND ORDER

$1,400,000 for attorney fees, costs, disbursements, and arbitrator compensation. Excerpts of the Arbitration Record ("EAR") 2–4, ECF No. 34. On October 30, 2023, Moonshadow initiated this lawsuit by filing a Petition for an Order Confirming the Arbitration Award. Notice of Removal, Ex. A, ECF No. 1. L2 filed a Cross Motion to Vacate the Arbitration Award. ECF Nos. 14, 18. The parties briefed the matter extensively, and the Court considered their motions at length over four days of oral argument. The Court found that the arbitration panel deprived L2 of a fundamentally fair hearing under 9 U.S.C. § 10(a)(3), and on January 15, 2025, the Court entered judgment in L2's favor, vacating the arbitration award. ECF No. 67.

L2 now moves for $550,869 in attorney fees and $2,232.94 in costs related to the litigation to vacate the arbitration award. L2's Reply at 10, ECF No. 79 (amending downward the amount originally requested). Moonshadow objects, arguing that L2 is not entitled to attorney fees and in the alternative that the amount of requested fees is unreasonable. Moonshadow's Resp. ECF No. 76. On July 9, 2025, the Court heard oral argument.

## LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The prevailing party is entitled to recover attorney fees where a statute so provides. Fed. R. Civ. P. 54. L2 moves for attorney fees under Or. Rev. Stat. § ("ORS") 20.096(1), which states that, in addition to costs and disbursements, the prevailing party "shall be entitled to reasonable attorney fees" in any action based on a contract that specifically provides for attorney fees to the prevailing party. Under ORS 20.096(1), "[t]he award is mandatory; the trial court has no discretion to deny it, although it does have discretion as to what amount is 'reasonable.'"

Page 2 — OPINION AND ORDER

*Benchmark Nw., Inc.*, 191 Or. App. at 523 (quoting *U.S. Nat. Res., Inc. v. Gray*, 66 Or. App. 769, 773 (1984)).

The parties agree that the lodestar method is the correct approach for deciding whether the attorney fees are reasonable. Under the lodestar method, the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010). The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted). The Oregon Supreme Court has also endorsed the lodestar approach, holding that it is consistent with Oregon's statutory scheme for awarding attorney fees. *See Strawn v. Farmers Ins. Co. of Oregon*, 353 Or. 210, 221 n.7 (2013).

ORS 20.075, enumerates "non-exclusive factors" that a court must consider in evaluating the reasonableness of the fees. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or. 84, 96 (1998). In determining the reasonableness of fees, the court need not respond to each specific objection. *Frakes v. Nay*, 254 Or. App. 236, 255 (2012). However, "the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees." *McCarthy*, 327 Or. at 96. "[A] brief description or citation to the factor or factors on which it relies" satisfies the court's obligation to make findings under ORS 20.075. *Id.* But "the absence of explanatory findings to support an award or denial of attorney fees is not a ground for reversal." *Id.*

# DISCUSSION

The Court finds that L2 is entitled to attorney fees, that the amount of attorney fees and costs are reasonable, and that there is no justifiable reason to delay entering the Order granting L2 fees and costs.

### I. Whether L2 is Entitled to Attorney Fees

L2 argues that it is entitled to attorney fees because it prevailed in a proceeding to enforce or interpret the arbitration provisions of the parties' 2015 Development & Hosting Agreement ("DHA"). Section 11.14 of the DHA provides:

> In any proceeding to enforce or interpret this agreement, the prevailing party shall be entitled to recover from the losing party reasonable attorney fees, costs, and expenses incurred by the prevailing party before and at any trial, arbitration, bankruptcy, or other proceeding, and in any appeal or review.

DHA, EAR 17. Moonshadow responds with procedural and substantive objections.

### A. Proceeding to "Enforce or Interpret" the Contract

Moonshadow argues that L2 is not entitled to an award of attorney fees because L2's Motion to Vacate the arbitration award was not a proceeding to "enforce or interpret" the terms of the DHA. From Moonshadow's perspective, granting vacatur of the arbitration award was a proceeding to review the arbitration panel's decision making, distinct from the interpretation or enforcement of the DHA.

> Under ORS 20.096(1):
>
> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

Whether a claim is made based on a contract is interpreted liberally. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340 n.16 (9th Cir. 1986) ("This court has given the requirement that an action be 'on the contract' a liberal scope.").

When the parties are contractually bound to resolve disputes by arbitration, their rights are defined by the agreed upon rules of arbitration. *Id.* at 1340–41. A proceeding to vacate the arbitration award, based on the fundamental unfairness of the arbitration proceedings, is therefore "not collateral" to the enforcement or interpretation of the underlying contract. *Id.* at 1340. Rather, a motion to vacate an arbitration award is a claim to avoid the part of the contract that bound the parties to the arbitrators' resolution of their dispute. *Id.* at 1340–41. The fact that the underlying contract dispute is neither resolved nor precluded "does not change the nature of the action." *Id.* at 1341; *EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, No. 2:18-CV-00369-AB-JCX, 2024 WL 1135685, at *4 (C.D. Cal. Feb. 12, 2024) (respondent granted motion to vacate entitled to attorney fees, the fact that "the parties are going to have to again arbitrate their underlying contract dispute does not change this analysis").

In this case, Moonshadow filed a petition to confirm the arbitration award and L2 filed a motion to vacate the award. The Court found that the arbitration was not conducted in a manner consistent with the contractually agreed upon rules of arbitration and vacated. Opinion and Order at 24, ECF No. 62.  The post-arbitration litigation was therefore a proceeding to enforce or interpret the DHA's arbitration provision.

**B.    Prevailing Party**

Next, Moonshadow argues that L2 is not the prevailing party because the Court did not rule on the merits of the underlying contract dispute.

Under Oregon law, unless the contract indicates otherwise, "[t]he prevailing party is the party who receives a favorable judgment or arbitration award on the claim." *16TH Grp., LLC v.*

Page 5 — OPINION AND ORDER

*Lynch Mech. Const., LLC*, 265 Or. App. 217, 221 (2014) (quoting ORS 20.077(2)). Whether a party has obtained a favorable judgment is determined on a claim-by-claim basis, "by weigh[ing] 'what was sought by each party against the result obtained.'" *Id.* (quoting *Beggs v. Hart*, 221 Or. App. 528, 538 (2008)).

The Supreme Court's interpretation of whether a party prevails for purposes of awarding attorney fees under federal law is instructive. A party prevails when there has been a "material alteration of the legal relationship of the parties" that is judicially sanctioned. *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989) (interpreting prevailing party under 42 U.S.C. § 1988). "Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award[,] . . . not to the availability of a fee award *vel non*." *Id.* at 793.

In this case, Moonshadow sought confirmation of the arbitration award and L2 sought vacatur. The Court's entry of judgment in favor of L2 did not resolve the merits of the underlying contract dispute and leaves "open the possibility of further proceedings if they are permitted under the terms of the agreement." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n.10 (1987). Moonshadow cites *Poland v. Chertoff*, 494 F.3d 1174, 1187 (9th Cir. 2007) for the proposition that a party *only* prevails if he obtains relief on the merits of the underlying claims. Monnshadow's Resp. at 7. However, a judgment on the merits is not the only way that a party can prevail. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (providing nonexclusive example "[i]n addition to judgments on the merits . . . [that] may serve as the basis for an award of attorney's fees"). A party prevails when he "obtains any form of relief" that "secure[s] a material change in the legal relationship" between the parties that is judicially sanctioned. *Poland*, 494 F.3d at 1187.

For example, the Ninth Circuit explained in *Lafarge Conseils Et Etudes, S.A.*, 791 F.2d at 1340–41, that prevailing on a motion to vacate the arbitration award would have entitled the respondent to prevailing party attorney fees under the contract.

Here, L2 succeeded on its claim to vacate the arbitration award, a success that cannot "be characterized as purely technical or *de minimis*[.]" *Texas State Tchrs. Ass'n*, 489 U.S. at 792. By entering judgment in favor of L2 and vacating the arbitration award, the Court altered the legal relationship of the parties by relieving L2 of its obligation to pay Moonshadow approximately $5,000,000. Judgment, ECF No. 67; EAR 2–4. Absent reversal from the Ninth Circuit, Moonshadow is precluded from reasserting its claim to confirm the arbitration panel's 2023 award. L2 is the prevailing party because it obtained, and Moonshadow was denied, the relief sought in the proceeding before this Court.

### C. Mandatory Award of Attorney Fees

Moonshadow argues that even if the Court determines that L2 prevailed in a proceeding to enforce or interpret the DHA, the Court should exercise discretion and make the attorney fees contingent upon the ultimate outcome of the litigation. Moonshadow also argues that the Court should consider the factors codified in ORS 20.075 and decline to award L2 attorney fees because it would be fundamentally unfair.

The Court disagrees. When, as here, the conditions of ORS 20.096(1) are met, the award is mandatory and "the trial court has no discretion to deny it, although it does have discretion as to what amount is 'reasonable.'" *Benchmark Nw., Inc. v. Sambhi*, 191 Or. App. 520, 523 (2004) (quoting *U.S. Nat. Res., Inc. v. Gray*, 66 Or. App. 769, 773 (1984)). Because "Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts[,]" the caselaw cited by Moonshadow is materially distinguishable. *United Paperworkers Intern. Union, AFL-CIO*, 484 U.S. at 38. For example, unlike in

Page 7 — OPINION AND ORDER

*Henderson v. Jantzen, Inc.*, 303 Or. 477 (1987), here, the Court is not being asked to order attorney fees following an intermediate ruling remanding for further proceedings on the merits of the claims. And unlike the attorney fees at issue in *Zweizig v. Nw. Direct Teleservices, Inc.*, No. 3:15-CV-02401-HZ, 2019 WL 5889296 (D. Or. Nov. 11, 2019) (ORS 659A.885(1)), here, attorney fees under ORS 20.096(1) are mandatory, not discretionary. Judicial economy weighs in favor of resolving the attorney fees dispute so that it can be reviewed concurrently with the appeal currently pending before the Ninth Circuit. ECF No. 69.

**II.    Whether L2's Requested Attorney Fees are Reasonable**

Moonshadow argues that the Court should make a downward departure from the number of hours and hourly rates requested by L2.

The Court has applied the lodestar method and considered the factors enumerated in ORS 20.075(1) and (2), and finds that the requested fees are reasonable. Moonshadow's objection that L2 submitted block billing is undermined by the detailed descriptions of L2's attorney fees for services and costs, submitted in support of the Motion for Attorney Fees. *See e.g.*, Isaak Decl., Ex. B ECF No. 72-2. L2 has satisfied its burden of documenting the appropriate hours expended and submitted sufficient "evidence in support of those hours worked." *United Steelworkers of America*, 512 F.3d at 565 (quotation mark omitted).

The Court finds that the number of hours spent, and the rates charged by L2's counsel in litigating this proceeding are also reasonable considering "the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." ORS 20.075(2)(a). The experience, reputation, and ability of the attorneys performing the services justifies the above median rates billed by L2's counsel. ORS 20.075(2)(c), ORS 20.075(2)(g). The proceedings before this Court presented complex procedural and substantive issues that were impressively argued by both sides. Had Moonshadow prevailed, the Court

Page 8 — OPINION AND ORDER

would have no issue finding that Moonshadow's counsel was entitled to similar fees for their services. The rate charged by the paralegal of L2's counsel is also reasonable under the circumstances given her years of experience and the nonclerical nature of her work in this case, adequately supported by evidence in the record. *See* ECF Nos. 73-1 and 80.

The amount involved in the controversy and the result obtained also weighs in favor of granting L2 its requested fees. ORS 20.075(2)(d). L2's counsel obtained a judgment relieving L2 of its obligation to pay an arbitration award of over $5,000,000. L2 prevailed in a proceeding to enforce or interpret the DHA and Moonshadow is both contractually and statutorily obligated to cover L2's costs and fees.

## CONCLUSION

L2's Motion for Attorney Fees (ECF No. 70) is GRANTED. The Court awards L2 its attorney fees in the amount of $550,869 and its costs in the amount of $2,232.94.

DATED this 15th day of July 2025.

                                            s/ Mustafa T. Kasubhai
                                            MUSTAFA T. KASUBHAI (He / Him)
                                            United States District Judge